HAMITER, Justice.
 

 On March 24, 1941, while driving a tractor in sugar cane operations on what is known
 
 ¡x=
 
 Evan-Hall Plantation in Ascension Parish, Willie Lunkin sustained certain injuries, as a result of which he died on April 2, 1941.
 

 Alleging that she was decedent’s dependent mother, Lena Lunkin filed a suit on March 30, 1942, against Evan-Hall Sugar Cooperative, Inc. (hereinafter known as
 
 *541
 
 Evan-Hall), and also against its insurer, to recover compensation for such death under the Louisiana Employer’s Liability law. That suit was dismissed by the district court on September 14, 1942, after a trial of the merits that occurred on June 22, 1942, the court basing its judgment exclusively on a finding that decedent was not employed by Evan-Hall but by another corporation known as Triangle Farms, Inc.
 

 On July 14, 1943, within one year after rendition of the mentioned judgment of dismissal, Lena Lunkin instituted the present suit for the recovery of the claimed compensation, making substantially the same allegations as in the first proceeding except she alleged that decedent was employed by this defendant, Triangle Farms, Inc. Additionally, in her petition, she negatived the accrual of prescription as to her claim.
 

 To the pethion defendant tendered various pleas and exceptions, particularly the plea of prescription of one year. All were overruled.
 

 On a trial of the merits judgment was rendered in plaintiff’s favor. Defendant then appealed suspensively to the Court of Appeal, urging that the plea of prescription should have been sustained, that plaintiff did not prove that decedent was her legitimate son, that she failed to show the required state of dependency, and that the evidence did not sustain the amount of weekly compensation awarded.
 

 The Court of Appeal, with one member dissenting, reversed the judgment of the district court and rejected plaintiff’s demands. 19 So.2d 345. It predicated the decision solely on the conclusion that the plea of prescription was meritorious and must be sustained; it did not pass on the other issues raised by defendant.
 

 On plaintiff’s application for the writ of certiorari the case was ordered here for a review of that ruling.
 

 The plea of prescription has as its basis Section 31 of the Louisiana Employer’s Liability law, Act 20 of 1914, as amended, which provides that in case of death resulting from an accident the suit must be brought within one year from the death of the employee. Under that provision, obviously, plaintiff’s claim has prescribed, unless the former suit against Evan-Hall had the effect of interrupting the current of prescription. As before shown, the death of plaintiff’s son occurred April 2, 1941 ; the Evan-Hall suit was filed March 30, 1942, and concluded September 14, 1942; and the present proceeding was commenced July 14, 1943, or more than two years after the death.
 

 The evidence discloses that at McCall, Louisiana, the Evan-Hall Company owns and operates a sugar factory. Adjoining that factory is a large sugar cane farm (on which decedent was working when the accident occurred) known as Evan-Hall Plantation but owned.and operated by Triangle Farms, Inc. Although such corporations are separate and distinct legal entities and engage in different pursuits, both are operated from the same office at McCall under the same management and, in; some, instances, with the same employees. The cane grown on the Evan-Hall Plantation,
 
 *543
 
 owned by Triangle Farms, Inc., and where decedent worked, is processed in the adjoining factory owned by Evan-Hall. For both companies C. S. Churchill is the general manager and Larry Montero is the bookkeeper and the person who prepares all payrolls. All employees are paid from the common office. It was on the named general manager C. S. Churchill that service of citation was made in each of the two suits brought by plaintiff.
 

 In Callender v. Marks, 185 La. 948, 171 So. 86, 88, this court observed: “The above line of reasoning and jurisprudence is in accord with the cases which hold that a citation, though insufficient to support a judgment, will interrupt prescription if it notifies the defendant of the grounds of the plaintiff’s claim and that he is asserting that claim. * * *”
 

 It was pointed out in Harris v. Traders & General Insurance Company, 200 La. 445, 8 So.2d 289, that the purpose of the requirement that a suit be brought by the claimant within one year is, (1) to enable the employer to determine when his potential liability for an accident would cease, (2) to prevent, as a matter of public policy, suits based on stale claims where the evidence might be destroyed or difficult to produce, and (3) to fix a statute of repose giving rise to a conclusive presumption of a waiver of the claim.
 

 The decision in Jackson v. American Employers’ Insurance Company, 202 La. 23, 11 So.2d 225, 226, seems to be appropriate here and decisive of the plea of prescription und.er consideration. In that. case three separate insurance companies occupied the same office; and some of the office personnel, especially the claims manager, were common to all three. Plaintiff, in attempting to judicially enforce a claim for damages arising out of an automobile accident, sued one of those three companies within the year following the accident, but the company so impleaded had not written the applicable insurance. When a second suit was brought against the proper company (being one of the remaining two), more than a year had elapsed since the accident; hence, it pleaded prescription. In holding that prescription was interrupted by the first suit, we commented: “* * * The original suit, having been brought against the company that had not issued the policy, could not have resulted in a judgment either against that company or against the company that had issued the policy. But the filing of the suit gave sufficient notice to the company that had issued the policy to interrupt prescription. The causes for which the attorney for the plaintiff was misled until the period of prescription had run are attributable to the method of doing business by the claims department of both the defendant in this suit and the defendant in the original suit. There is no accusation—and no evidence or suggestion—of any wilful deception on the part of the manager of the claims department of the Employers’ Group. But, in the circumstances of this case, it would be unjust to hold that the filing of the original suit did not interrupt prescription.”
 

 The circumstances of the Jackson case are essentially the same as those of
 
 *545
 
 the instant controversy. The error committed by this plaintiff in impleading the wrong defendant (Evan-Hall) in her first suit, unquestionably, was due to the fact that decedent worked on the Evan-Hall Plantation and also to the close relationship enjoyed by the two corporations .in their operations, both, as above shown, being under the same management, using a common office, and employing the same personnel in many instances. The commission of such an error is readily and easily understandable. But, notwithstanding the mistake, the service in that suit was made on C. S. Churchill, the general manager of both corporations, and by it he wa£ notified of the instant claim and that plaintiff was asserting her claim. The judicial knowledge thus received by Churchill was chaigeable not only to Evan-Hall but also to this defendant, Triangle Farms, Inc.
 

 Defendant contends, however, that even if the first suit interrupted the running of prescription, the limitation period began to run anew on June 22, 1942, at which time sworn testimony offered in open court, as well as documentary evidence, proved beyond question that decedent was an employee of Triangle Farms, Inc., not of Evan-Hall; and since the present proceeding was not commenced within one year from that date plaintiff’s claim is barred. Plaintiff, on the other hand, maintains that she had the right to wait, as she did, until the first suit was finally settled and the question of decedent’s employer judicially determined (it was decided on September 14, 1942, .and this suit instituted July 14, 1943), especially in view of the fact that the confusion was due to the manner in which the two corporations operated.
 

 It is our opinion that plaintiff was entitled to await the court’s determination of the question of whether she had sued the proper party. Even though Evan-Hall offered evidence showing that Triangle Farms, Inc., was decedent’s employer, such evidence was not binding on the latter, the defendant herein; it was not a party to that suit.
 

 Furthermore, if the plaintiff had abandoned her suit against Evan-Hall before its determination, on the strength of the evidence adduced therein, it is doubtful that the first proceeding would have had the effect of interrupting prescription at all. Defense counsel take a contrary view, insisting that such an abandonment would not have nullified the effect of the prescription’s interruption, and citing in their supplemental brief Guccione v. New Jersey Insurance Company, La.App., Orleans, 167 So. 845.
 

 The cited case involved an interpretation of Civil Code, Article 3519, reading ' in part: “If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.” The plaintiff therein had voluntarily dismissed her first suit, reserving, however, the right to file a new action. In the second suit, brought against the same defendant, there was urged a plea of prescription. The court held that no abandonment of the first suit had occurred, and the nullifying of the interruption of prescription had not resulted, in view of plaintiff’s dismissal without
 
 *547
 
 prejudice and with reservation which evidenced an intention not to abandon. In the present controversy, plaintiff was not in a position to dismiss her first .suit against Evan-Hall without prejudice, reserving her rights against Triangle Farms, Inc.; the latter was not a party to the other proceeding and the suggested reservation would have been ineffective as to it. Thus the two cases are easily distinguishable.
 

 Therefore, we hold that the service of citation in the former suit on C. S. Churchill, general manager of both corporations, was sufficient notice to this defendant of the nature of the claim of plaintiff and of her intention to assert it, and by that suit the current of prescription was interrupted; that the interruption endured throughout the pendency of that proceeding; and since this action was commenced within the one year from the date of the judgment of dismissal in the former suit, that defendant’s plea of prescription is without merit.
 

 To determine the other issues raised by defendant, and not passed upon by the Court of Appeal, the case will be remanded.
 

 For the reasons assigned the judgment of the Court of Appeal is annulled, the plea of one year prescription is now overruled, and the case is remanded to the Court of Appeal for further proceedings according to law and consistent with the views herein expressed. Defendant and respondent' in writ shall pay the costs of this court. All other costs are to await the-final determination of the litigation.