The plaintiff filed this suit on June 26, 1945, to recover maximum compensation for an injury which he claims occurred on or about June 29, 1944, while in the employ of Grey-Wolf Drilling Company. He sets up in his petition the manner in which he was injured, which injury he alleges caused permanent total disability. He also alleges that the Pacific Mutual Insurance Company carried the compensation insurance for his employer, and plaintiff asked for the citation of the compensation insurer and did not join the employer in the suit. The insurance carrier was attempted to be cited through the Secretary of State, the Secretary of State having mailed the citation and copy of the petition to the Pacific Mutual Life Insurance Company of Los Angeles, California. This insurance company advised the Secretary of State, as well as counsel for plaintiff, that it did not write any compensation insurance.
Realizing the mistake in the name of the insurance company intended to be sued as the compensation insurer of plaintiff's employer, plaintiff filed a supplemental petition on July 12, 1945, correcting the error and alleging that the correct name of the compensation insurer is the Pacific Employers Insurance Company of Los Angeles, California, instead of the PacificMutual Insurance Company, there being no insurance company registered in the office of the Secretary of State by the name of the Pacific Mutual Insurance Company. The Pacific Employers Insurance Company was duly cited through the Secretary of State and filed exceptions of no cause or right of action and a plea of prescription, the latter plea being sustained and plaintiff's suit dismissed. Plaintiff has appealed.
As the suit was filed within one year from the time of the alleged accident, the only question involved is whether or not the filing of the suit against an insurance company as the compensation insurer where the name of the company was incorrectly stated and the citation improperly served had the effect of interrupting prescription. As the supplemental petition which corrected the error in the name of the employer's insurer was filed after the prescriptive period of one year had expired, it seems to be conceded that the plea of presciption was correctly maintained unless the filing of the suit in the first instance had the effect of interrupting prescription.
Section 31 of the Workmen's Compensation Law, Act 20 of 1914, as amended, by Act No. 29 of 1934, § 1 (Dart's Statutes 4420), provides that prescription will accrue within one year after the accident unless "proceedings have been begun as provided in Sections 17 and 18 of this Act". Act 39 of 1932 provides "That the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts". In both the Compensation Law and the Act above referred to, the thing that interrupts prescription is the filing of the suit in a court of competent jurisdiction. There is no question but that in this case the suit was filed by plaintiff in a court of competent jurisdiction. In addition to that, he set out fully his cause of action, but through error, did not give the correct name of the insurance company which he alleged carried compensation insurance for his employer. As a matter of fact, there is no insurance company doing business in this state operating under the name of Pacific Mutual Insurance Company, however, it appears from the pleadings and the agreed statement *Page 438 
of facts that there is an insurance company doing business in this state operating under the name of Pacific Employers Insurance Company, domiciled in Los Angeles, California, and, according to the supplemental petition, this is the insurance company which carried the compensation insurance for plaintiff's employer and which would be liable to plaintiff for compensation if he proves his claim.
There is no question but that plaintiff had a right to amend his petition to correct the name of the compensation insurer. He did not attempt to allege any new or additional cause of action. Under these circumstances, the allegations made in his supplemental petition related back to and were connected with his original petition which set out all the facts on which his cause of action is based.
[1, 2] In our opinion, both the Compensation Law and Act 39 of 1932 intend and contemplate the interruption of prescription by the filing of a suit in a court of competent jurisdiction where a cause of action is set out. The interruption of prescription does not hinge on the service of notice of the claim on the person sought to be held liable, nor is it necessary that the person sought to be held liable should have been given knowledge of the facts on which the suit is based at the time it is filed. There are many instances where the person sought to be held liable might not actually receive notice or knowledge of the facts on which the claim is based until long after the suit is filed. For instance, a minor may have no one qualified to represent him and could receive no legal notice until some one is qualified to represent him, yet by the very terms of the above mentioned act the filing of a suit against such minor would interrupt prescription against him.
It is not a question in this case of the plaintiff suing the wrong defendant, but it is a question of the plaintiff incorrectly naming the proper defendant in his original petition. He had a right to correct that error by a supplemental petition, and as above stated, the correction of that error in the supplemental petition had the effect of relating all of the facts on which he based his claim back to the filing of the suit in the first instance, which it is conceded was filed well within the prescriptive period.
For the reasons assigned, it is ordered that the judgment appealed from be annulled and set aside, and it is now ordered that the case be remanded to the district court to be proceeded with according to law and the views herein expressed; costs of the appeal to be paid by the defendant, and all other costs to await the final termination of the case.