This is a suit for workmen's compensation. It was dismissed in the Civil District Court for the Parish of Orleans on pleas of prescription of one and two years. Plaintiff has appealed. *Page 723 
According to plaintiff's petition, she was injured in an accident on March 19, 1942. She alleges that on that day she "slipped and fell, and as a result thereof fractured the patella of her left leg." This suit against the present defendant, Blue Plate Foods, Incorporated, was filed on April 13, 1945.
Defendant filed pleas of prescription of one and two years, and at the same time an exception of no cause of action.
Counsel for defendant states that he is not certain whether the limitations within which the workmen's compensation statute, as amended, requires that suits must be filed, constitute periods of prescription or whether when those limits have expired there result peremptions which completely destroy the cause of action which originally existed and that therefore, he filed not only pleas of prescription but also the exception of no cause of action.
It is obvious that when this suit was filed — on April 13, 1945 — considerably more than one year had elapsed since the occurrence of the accident on March 19, 1942. Therefore, in her original petition plaintiff alleged that after the accident she had been paid compensation for 21 weeks and that later she had "erroneously sued the wrong defendant" on August 21, 1943.
When the pleas of prescription and the exception of no cause of action were filed, plaintiff filed an amended petition in which she made the following allegations: "That your petitioner alleges that her former attorney engaged to file suit on her behalf for workman's compensation erroneously sued the wrong defendant, which suit was filed on the 21st day of August, 1943, and bears the number 251-803 of the docket of the Civil District Court for the Parish of Orleans; and that said suit was timely filed in view of the fact that petitioner was paid compensation for twenty-one (21) weeks, being discharged as fit to resume her former occupation on the 21st day of August, 1942, and having been paid workman's compensation through the 21st day of August, 1942."
To this amended petition, defendant filed the same pleas of prescription of one and two years and the same exception of no cause of action. As we have already said, these pleas of prescription were maintained.
It will be noted that plaintiff is attempting to show that the prescription which otherwise would long since have accrued was interrupted by the filing of the first suit against "the wrong defendant" and it is obvious, of course, that if we are to hold that there has been an interruption then two things must appear: First, that the first suit against the wrong defendant was filed before prescription had accrued; and, second, that the pendency of the suit against "the wrong defendant" had the legal effect of interrupting the running of prescription which would otherwise have accrued in favor of the right defendant.
[1] Let us first consider whether the first suit against the wrong defendant was filed in time. It is conceded, of course, that payment of compensation interrupts the running of prescription and that therefore such payments as were made interrupted prescription. It is conceded that there were twenty-one such weekly payments and that therefore prescription did not actually commence to accrue until after the twenty-first payment had been made.
A careful calculation will show that if the accident occurred on March 19th as is alleged, and is not disputed, then the first week of disability expired and the first payment was made as of March 27, 1942, and the last payment was made on August 14, 1942.
Plaintiff although claiming that she was paid compensation until August 21, 1942, shows that she obviously miscalculated for she admits that she received only twenty-one payments and in his brief her counsel states that payments were made "to and including August 13th, 1942."
When suit against the wrong defendant was filed on August 21, 1943, already one year and one week had elapsed since the last payment of compensation was made.
Section 31 of Act No. 20 of 1914, as amended, reads as follows: "In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year *Page 724 
after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 [§§ 4407, 4408] of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the said proceedings have been begun within two years from the date of the accident." Acts 1914, No. 20, § 31, 1926, No. 85, § 1, 1934, No. 29, § 1.
Counsel for plaintiff argues that the prescription applicable here is not one year but two for the reason — set forth in his brief, — that "The extent and severity of the above described accident was not manifested immediately after the accident; * * *".
Counsel points to the following language which appears in the above quotation from section 31 of the statute "* * * where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops * * *".
[2] But there is nothing in either of the petitions which indicates that plaintiff did not and could not discover the nature of the injury immediately after the accident. The fracture of a patella is an injury which manifests itself instantaneously. We think it clear that the injury manifested itself immediately upon the occurrence of the accident, and that more than one year elapsed between the day on which the last payment of compensation was made and the day on which the first suit was filed.
In support of his second contention that the first suit against the wrong defendant interrupted the running of prescription and that that interruption continued so long as that suit remained pending, counsel for plaintiff relies on two decisions of our Supreme Court, Lunkin v. Triangle Farms,208 La. 538, 23 So.2d 209, and Jackson V. American Employers' Insurance Co., 202 La. 23, 11 So.2d 225, 226.
In Jackson v. American Employers' Insurance Co., the plaintiff had erroneously sued Employers' Liability Assurance Corporation, Ltd., instead of American Employers' Insurance Company. The question was whether the first suit had interrupted prescription which would otherwise have run in favor of American Employers' Insurance Company. The Supreme Court held that prescription had been interrupted. But it found the following facts: The two companies together with a third, Employers' Fire Insurance Company, constituted what was known as "The Employers' Group of Boston, Mass." They used one letterhead on which the names of all three companies appeared and they maintained one claim department in New Orleans, which claim department was managed on behalf of all three companies by the same manager and all three employed the same employees. The claim department of all three companies used the same telephone which was listed in the telephone directory under the same number. The Supreme Court held that these and other facts showed "the close business relation of the group of companies."
In Lunkin v. Triangle Farms, supra, [208 La. 538, 23 So.2d 210], the Supreme Court held that the first suit against the wrong corporation had interrupted prescription which would otherwise have accrued in favor of the correct corporation, but there again the Supreme Court found facts which were held to warrant that conclusion. The plaintiff had first brought the suit against Evan-Hall Sugar Cooperative, Inc. The suit was dismissed when it was found that the plaintiff had been an employee not of that corporation but of Triangle Farms, Inc. The plaintiff then brought suit against Triangle Farms, Inc., and when the question of prescription was raised, it was shown that Triangle Farms, Inc., grew the sugar cane which was ground in the factory of Evan-Hall Sugar Cooperative, Inc., and that the plantation operated by Triangle Farms was *Page 725 
known as Evan-Hall Plantation. The court further found that both of said corporations "are operated from the same office at McCall under the same management and, in some instances, with the same employees."
It also appeared that the two companies had the same general manager and the same bookkeeper, who prepared all the pay rolls and that all employees of both corporations were paid in the same office. The court held that service of citation on the joint general manager in a suit incorrectly brought against the Evan-Hall Com-pany interrupted prescription which would otherwise have run in favor of Triangle Farms, Inc.
[3, 4] In the case at bar, however, we have no such situation so far as the record shows. Though plaintiff filed both an original and an amended petition, the only allegation is that the first suit was brought against the "wrong" corporation. There is nothing to show that the two corporations were closely related, that they had the same manager, that they operated from the same office or any of those other things which were shown in the two cases cited. Even the record in the first suit was not offered in evidence here so that we cannot investigate the allegations there or see whether there was anything which would connect the corporation which was then sued with the corporation which is now made defendant.
In New Orleans Industrial Canal Land Harbor Development Co., Inc. v. Kohler, La. App., 150 So. 874, 875, we said: "* * * The record in this suit was not offered in evidence and forms no part of the transcript. Defendant's counsel relies, in this respect, upon the statement that we should take judicial cognizance of the records of the civil district court. It is sufficient to say in regard to these exceptions that defendant's counsel is mistaken and that we do not take judicial notice of the records of courts of other jurisdictions. Cumberland Telephone Tel. Co. v. St. Louis, etc., R. Co., 117 La. 199, 41 So. 492."
Our brothers of the First Circuit recognized the distinction between suing a right defendant by the wrong name and suing an entirely wrong defendant when in Bower-man v. Pacific Employers Insurance Co., 27 So.2d 436, 438, they said: "It is not a question in this case of the plaintiff suing the wrong defendant, but it is a question of the plaintiff incorrectly naming the proper defendant in his original petition. * * *".
We see nothing in the allegations of either petition which would justify the conclusion that the first suit, even had it been filed in time, would have interrupted prescription which has otherwise run in favor of the defendant in the present suit.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.