147 So.2d 62 (1962)
George STEWART, Plaintiff and Appellant,
v.
MALONEY TRUCKING & STORAGE, INC., Defendant and Appellee.
No. 579.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 1962.
Rehearing Denied December 10, 1962.
Arnold C. Jacobs, New Orleans, for plaintiff-appellant.
Beard, Blue, Schmitt & Treen, David C. Treen, New Orleans, for defendant-appellee.
Before CULPEPPER, PONDER and McGEE, JJ.
JESSE C. McGEE, Judge ad hoc.
This is an appeal by the plaintiff, George Stewart, from a judgment of the Civil District Court for the Parish of Orleans, refusing *63 to permit plaintiff to file a supplemental and amended petition wherein he sought to substitute parties defendant herein after issue had been joined by the original defendant filing its answer.
The facts appear to be that the plaintiff, a claimant for workmen's compensation, was paid compensation by Maloney Carloading, Inc., his employer, through January 6, 1958, when payments were stopped; that some ten months later or on November 6, 1958, he filed his suit for compensation naming Maloney Trucking and Storage, Inc., as the defendant. The stipulation in the record shows that after the suit was filed but prior to December 3, 1958, a Mr. Carruth, an associate of the law firm representing Maloney Trucking and Storage, Inc., had a telephone conversation with Mr. Arnold Jacobs, plaintiff's attorney, and informed Mr. Jacobs that his plaintiff was an employee of Maloney Carloading, Inc., and not an employee of the named defendant. Mr. Jacobs informed Mr. Carruth that it would not be necessary to file an answer to the suit, but that he, Jacobs, would correct the error; on December 3, 1958, Mr. Carruth wrote to Mr. Ed Burke, claims manager of both Maloney Carloading, Inc., and Maloney Trucking and Storage, Inc., advising Mr. Burke of the telephone conversation he had with Mr. Jacobs and a copy of this letter went to Mr. Jacobs. The stipulation further recites that Maloney Trucking and Storage, Inc., and Maloney Carloading, Inc., are Louisiana corporations with their principal offices at 133 North Front Street, New Orleans, and both corporations have the same president and same workmen's compensation claims manager and that these facts were known to plaintiff's attorney prior to the filing of the original petition.
The plaintiff not having amended his petition to correct the error in his original petition by November 25, 1959, on that date Maloney Trucking and Storage, Inc., filed its answer, being a general denial of the plaintiff's allegation, however, in its answer, the named defendant admitted that plaintiff had been treated medically and had been paid a compensation by Maloney Carloading, Inc., until the early part of January, 1958. Then on January 20, 1961, the attorney for plaintiff by motion placed the cause on the call docket for fixing and trial, the motion stating that all issues propounded in the case have been joined and that the case was then ready for trial on its merits. Then on March 20, 1961, after issue had been joined and the cause moved to the call docket for fixing and trial, the plaintiff sought to supplement and amend his petition by changing or substituting Maloney Carloading, Inc., as the defendant in lieu of Maloney Trucking and Storage, Inc., the original defendant. An order was signed that day allowing the amended and supplemental petition.
Then on May 11, 1961, Maloney Carloading, Inc., appeared solely for the purpose of its motion, and suggested to the court that by the supplemental and amended petition, the mover had been made the party defendant in lieu of the Maloney Trucking and Storage, Inc., the original defendant, and further suggesting that any cause of action asserted in the original petition as against mover had prescribed on or about January 8, 1959, being more than two years prior to the filing of the supplemental and amended petition; that the order dated March 20, 1961, allowing and permitting the filing of the amended petition was improvidently granted and that the same should be rescinded. The plaintiff was ordered to show cause on May 19, 1961, why the order of March 20, 1961, should not be rescinded and voided, and after a hearing on the rule, the court was of the opinion that the motion was well founded and accordingly made the rule absolute. The judge in his reasons for judgment stated that the plaintiff was timely advised and had ample opportunity to amend his petition at the time of the notice advising him who had actually employed plaintiff at the time of his injury, as the notice was given less than a month after plaintiff had filed his suit. On June 28, 1961, judgment was signed rescinding, voiding *64 and setting aside the order permitting the filing of the amended petition. It is from this judgment that plaintiff has appealed.
The appellee contends that the right to amend is governed by Article 419 of the Code of Practice, the Code of Civil Procedure not being in force at the time these proceedings were had; that under that article amendments were permitted, until issue had been joined and thereafter only by leave of the court.
The Code of Civil Procedure became effective on January 1, 1961, and it is declared to be remedial legislation, and shall govern and regulate the procedure in all civil actions and proceedings pending on the effective date of the new Code, except that none of the provisions thereof shall decrease or shorten any procedural delay which had commenced to run but had not completely elapsed on the effective date. Section 4(A), Act 15 of 1960, page 748, Vol. 1, LSA-C.C.P.
We feel that the Code of Civil Procedure governs the situation here as the amended petition was filed on March 20, 1961, wherein plaintiff sought to substitute Maloney Carloading, Inc., as the defendant in lieu of Maloney Trucking and Storage, Inc., and in view of the interruption of the prescription by plaintiff's suit and citation on a closely allied corporation, as aforesaid, we feel that the trial court should have allowed the amended petition.
Article 1151 of the LSA-Code of Civil Procedure provides the procedure for amendments and supplemental pleadings. It provides that a plaintiff may amend his petition without leave of court at any time before the answer thereto is served, and the defendant may amend his answer once without leave of court at any time within ten days after it has been served, otherwise, the petition and answer may be amended only by leave of court or written consent of the adverse party.
The mover, Maloney Carloading, Inc., suggested to the court that any cause of action asserted in the original petition as against mover had prescribed on January 8, 1959, and more than two years prior to the filing of the amended petition. The trial court made no ruling on this matter of prescription. Here it may be noted that a citation, though insufficient to support a judgment, will interrupt prescription if it notifies defendant of the grounds of plaintiff's claim and that plaintiff is asserting such claim. Lunkin v. Triangle Farms, Inc., (1945) 208 La. 538, 23 So.2d 209, a Supreme Court decision. In this Lunkin case trial was had on the merits against an incorrect defendant whereas it should have been against Triangle Farms, Inc., there being two separate and distinct legal entities and engaged in different pursuits but both operated from the same office and under the same management and in some instances with the same employees. This being somewhat similar to the situation here. We are of the opinion that the citation had the effect of interrupting the one year prescription.
In view of the foregoing we are of the opinion that the trial court was in error in not allowing the amended petition.
For the reasons assigned the judgment of the trial court is reversed and the cause remanded to the Civil District Court for the Parish of Orleans to be there proceeded with in accordance with law.
The Maloney Carloading, Inc., is cast for the costs in this court.
Reversed and remanded.

PER CURIAM DENYING APPLICATION FOR REHEARING
In a very forceful application for rehearing, the defendant, Maloney Carloading, Inc., argues that our decision "flies in the teeth of" the recent case of Martin v. Mud Supply Company, 239 La. 616, 119 So. 2d 484. The Martin case was a tort action arising out of a vehicle accident and naming as a defendant only the automobile owner. Over a year after the accident plaintiff filed a supplemental petition naming the *65 automobile liability insurer as an additional defendant. The defendant insurer filed a plea of prescription of one year. The court held that even though the insurer had actual knowledge of the suit against the automobile owner, this alone did not interrupt the running of prescription because the insurer had not been cited within the prescriptive period of one year. The court distinguished Jackson v. American Employers' Insurance Company, 202 La. 23, 11 So.2d 225 and Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 where the proper defendants had similar names and/or the same offices, officers, etc., as the defendant actually cited, on the grounds that in those cases there was an incorrect citation whereas in the Martin case there was no citation.
Under the facts set forth in our original decision, the instant case falls within the theory of Lunkin v. Triangle Farms, Inc., supra, where there was an incorrect citation, rather than the theory of Martin v. Mud Supply Co., supra, where there was no citation.
The application also makes a strong argument that in Martin v. Mud Supply Co., supra and the cases cited therein, it was found that the proper defendant had been guilty of concealment or misrepresentation as to its correct identity, whereas in the instant case the proper defendant, Maloney Carloading, Inc., has not concealed its identity, but on the contrary actually notified plaintiff's attorney within a few months after the original petition was filed that he had sued the wrong company.
Our answer to this argument is based on the holding in Lunkin v. Triangle Farms, supra. That was a workmen's compensation case in which a plaintiff first sued Evan-Hall Sugar Cooperative, Inc. After trial on the merits against this defendant, the suit was dismissed on a finding that the deceased employee was not employed by Evan-Hall, but by another corporation known as Triangle Farms, Inc. Within a year of the dismissal of the first suit, but over a year from the date of the accident, the plaintiff filed a new suit against Triangle Farms. This defendant filed a plea of prescription. There is no mention in the court's opinion that the proper defendant concealed its identity or was guilty of any fraud or misrepresentation. The court concluded that this was a case of incorrect citation interrupting prescription and held as follows:
"Therefore, we hold that the service of citation in the former suit on C. S. Churchill, general manager of both corporations, was sufficient notice to this defendant of the nature of the claim of plaintiff and of her intention to assert it, and by that suit the current of prescription was interrupted; that the interruption endured throughout the pendency of that proceeding; and since this action was commenced within the one year from the date of the judgment of dismissal in the former suit, that defendant's plea of prescription is without merit."
Applying this rule of law to the facts of the instant case, we find that the incorrect citation on Maloney Trucking & Storage, Inc., through its officers, who were also the officers of the proper defendant, Maloney Carloading, Inc., was sufficient notice to the proper defendant of the nature of the claim of plaintiff and of his intention to assert it that the current of prescription was interrupted; that this interruption endured throughout the pendency of the proceedings against Maloney Trucking & Storage, Inc.; since it was within the period of one year (actually at the same time) that plaintiff abandoned his cause of action against Maloney Trucking & Storage, Inc. and commenced his cause of action against the proper defendant, Maloney Carloading, Inc., the defendant's plea of prescription is without merit.
We would like to add that, under the circumstances of the instant case, we feel it would be harsh indeed to deny this workmen's compensation claimant benefits, to which he may be entitled, due to inadvertence *66 or lack of diligence on the part of his counsel.
Finally, we take this means of correcting the misstatement in our original opinion that "The trial court made no ruling on this matter of prescription." Although there was no pleading denominated as an "Exception of Prescription", the motion of the defendant, Maloney Carloading, Inc., to rescind the order allowing the supplemental and amended petition, substituting it as the party defendant, was based, inter alia, on the grounds that any cause of action against Maloney Carloading, Inc., had prescribed. In granting this motion, the lower court actually found that the claim had prescribed and therefore the lower court did rule on the question of prescription.
For the reasons assigned, the application for rehearing is denied.