HALL, Judge.
George P. Palermo prosecutes this appeal from a judgment in plaintiff’s favor and against him in the sum of $453.20 plus interest and costs.
On June 19, 1964 plaintiff brought suit for $453.20 balance due on an open account against:
New Orleans Shrimp & Fish Company, a commercial partnership formerly composed of George P. Palermo and Frank C. Dutton, and said George P. Palermo and said Frank C. Dtitton, individually and in solido.
Citation and service of a copy of the petition was made in due course on each of the defendants. Frank C. Dutton did not answer the suit and a judgment by default was rendered against him on July 29, 1964. No appeal was taken from this judgment and it is now final.
On July 6, 1964 George P. Palermo filed an answer in which he denied that he had ever been a member of a partnership with Dutton “having the title, caption and/or *852 name of The New Orleans Shrimp and Fish Company,” and denied that he was indebted to plaintiff either individually or as a member of a partnership.
On April 26, 1965 plaintiff filed a supplemental and amended petition in which, after making appropriate allegations, she prayed for judgment:
a) Against the original defendants, and
b) In the alternative against New Orleans Shrimp & Louisiana Fish Company, a commercial partnership formerly composed of George P. Palermo and Frank C. Dutton, and against its members, George P. Palermo and Frank C. Dutton, individually and in solido, and
c) In the further alternative against New Orleans Shrimp & Louisiana Fish Company and George P. Palermo (as the sole proprietor thereof).
To this supplemental and amended petition George P. Palermo, “individually and/or doing business under the trade name of the New Orleans Shrimp & Louisiana Fish Company,” filed exceptions of prescription and misjoinder of parties defendant. He also filed an answer in which he denied that he ever was a partner with Frank C. Dutton in either a partnership styled “New Orleans Shrimp & Fish Company” or a partnership styled “New Orleans Shrimp & Louisiana Fish Company.” He also denied that he was indebted to plaintiff as the proprietor of “New Orleans Shrimp & Fish Company” or “New Orleans Shrimp & Louisiana Fish Company,” or in any ■other manner.
The Trial Judge referred the exceptions of prescription and misjoinder of parties defendant to the merits, and trial on the merits resulted in a judgment in favor of plaintiff against George P. Palermo in the sum of $453.20 together with legal interest thereon from date of judicial demand until paid and for costs.
Palermo prosecutes this appeal from that judgment.
A review of the testimony adduced at the trial leaves no doubt in our minds, despite the denials of the defendant, Palermo, that plaintiff sold to George P. Palermo and Frank C. Dutton and on or about January 25, 1961 delivered to their place of business 50,000 stuffed crab cellophane sleeves for an agreed price of $590.00. Both the plaintiff and the defendant, Dutton, so testified and both stated that the defendant, Palermo, was present when the sale was made and took part in the negotiations. These two witnesses further testified that both Palermo and Dutton promised to pay the sales price. A down payment of $75.00 was made by Dutton when the sale was negotiated and subsequently, to wit, on July 18, 1961 a further payment of $61.80 was made by Dutton. This was the last payment made and reduced the indebtedness to $453.20, the amount sued for. None of the cellophane sleeves was ever returned to plaintiff.
There is a dispute as to whether Dutton and Palermo were in business together as partners and if so whether the title of the partnership was “New Orleans Shrimp and Fish Company” or “New Orleans Shrimp & Louisiana Fish Company.”
Palermo testified that the business was owned by Dutton, that he had no interest therein and that he was merely Dutton’s crab cook. The Trial Judge evidently did not believe Palermo’s testimony and neither do we. We are of the opinion that the true situation was as follows, as testified by Dutton:
That prior to the year 1959 Palermo was the sole proprietor and operator of a business under the trade name “New Orleans Shrimp & Louisiana 'Fish Company”; that in 1959 Palermo and Dutton formed a partnership to operate the business, Dutton putting up $1,000.00 cash for his interest therein. Thereafter the business was conducted as a partnership under the name “New Orleans Shrimp & Louisiana Fish Company” until “about 1961”.
*853 The record further shows that the cellophane sleeves were purchased by the partnership, “New Orleans Shrimp & Louisiana Fish Company,” composed of George C. Palermo and Frank C. Dutton. Sometime after purchasing the sleeves, Palermo became dissatisfied and the partnership was dissolved. After dissolution of the partnership Palermo formed a corporation which carried on the business under the same name and style.
Appellant, Palermo, contends that since the last payment on the account sued upon was made on July 18, 1961, and since neither the partnership styled “New Orleans Shrimp & Louisiana Fish Company” and the individual members thereof (Dutton and Palermo) nor Palermo individually d/b/a ■“New Orleans Shrimp & Louisiana Fish Company” were made parties to the suit until the filing of the supplemental petition on April 26, 1965, any action against him either individually or as a member of that partnership is prescribed under the three year prescription provided by LSA-C.C. Art. 3538.
The last paragraph of that Codal Article reads as follows:
“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.” (emphasis supplied)
The action herein was commenced within the three year prescriptive period by the filing of the original petition on June 19, 1964. Palermo was cited and served with a copy of the original petition and was thereby fully informed of plaintiff’s claim and its origin and basis. Under the jurisprudence this is all that was necessary in order to interrupt the running of prescription against him either individually or as a -member of the partnership “New Orleans Shrimp & Louisiana Fish Company.” See Andrepont v. Ochsner, La.App., 84 So.2d 63 wherein, after reviewing the jurisprudence, -it was said (p. 68):
“Thus it appears that all of the cases seem to be based on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted.” (emphasis supplied)
See also Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209; Stewart v. Maloney Trucking & Storage, Inc., La.App., 147 So.2d 62.
Appellant has abandoned his exception of misjoinder of parties defendant.
In summation, we find that the cellophane sleeves were purchased from plaintiff by a commercial partnership styled “New Orleans Shrimp & Louisiana Fish Company” composed of George P. Palermo and Frank C. Dutton and that this partnership was dissolved prior to the institution of the present suit. The original petition was filed against George P. Palermo and Frank C. Dutton as former members of a commercial partnership improperly designated as “New Orleans Shrimp and Fish Company,” but we hold that service of a copy of this petition on Palermo was sufficient to interrupt prescription against him as a former member of the commercial partnership “New Orleans Shrimp & Louisiana Fish Company.” We further hold that George P. Palermo and Frank C. Dutton as former members of that partnership are indebted in solido to plaintiff in the amount prayed for. Since the partnership is no longer in existence a judgment against it is not in our opinion a prerequisite to the rendition of a judgment against its former members. See E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898.
A judgment by default has already been rendered against Frank C. Dutton for the *854 full amount of plaintiff’s claim without mentioning that his liability is solidary. That judgment is now final and cannot be changed. However the judgment against George P. Palermo which is the subject of this appeal can and should be amended in order to show that Palermo’s liability is in solido with Dutton.
For the foregoing reasons the judgment appealed from is amended by adding the following paragraph thereto:
“The liability of George P. Palermo evidenced by this judgment is in solido with the liability of Frank C. Dutton evidenced by the judgment rendered in these proceedings against the said Frank C. Dutton on July 23, 1964 and signed on July 29, 1964.” As so amended and in all other respects the judgment appealed from is affirmed; appellant to pay all costs of this appeal.
Amended and affirmed.