343 So.2d 1132 (1977)
Mrs. Charles Kinchen LUSHUTE, Plaintiff-Appellee,
v.
Frank J. DIESI, and Little Capitol of Louisiana, Inc., Defendant-Appellant.
No. 5798.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
Rehearing Denied April 5, 1977.
Writ Granted June 1, 1977.
*1133 Lewis & Lewis by John M. Shaw, Opelousas, for defendant-appellant.
Vance R. Andrus, Lafayette, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
This is a suit for workmen's compensation death benefits. Mrs. Charles Kinchen Lushute, widow of Charles Vincent Lushute and his sole dependent, brought this action on May 21, 1975 against Frank J. Diesi, as operator of the Little Capitol Restaurant. Plaintiff avers that on May 23, 1974, her husband, Charles Vincent Lushute, while performing maintenance service on the air conditioning system at said restaurant, fell through the ceiling, and as a result of injuries sustained in the fall he died on May 24, 1975. On July 8, 1975 defendant answered plaintiff's petition, generally denying the allegations therein. Subsequently plaintiff, on September 16, 1975 filed an amending and supplemental petition, naming Little Capitol of Louisiana, Inc., as co-defendant. The defendant corporation answered the amended petition and later filed an exception of prescription. The defendant Diesi filed an exception of no cause of action. Both exceptions were referred to the merits and after trial the trial court rendered judgment against both defendants, in solido. The trial court awarded plaintiff benefits in the amount of $65.00 per week for 500 weeks, plus the additional amount of $1,849.13 representing medical and funeral expenses.[1] Both defendants appeal.
The following issues are presented by this appeal:
(1) Was the defendant, Frank J. Diesi the operator of the Little Capitol Restaurant on May 23, 1974?
(2) If Frank J. Diesi and Little Capitol of Louisiana, Inc. were not joint operators of such restaurant, was there an interruption of prescription against the defendant, Little Capitol of Louisiana, Inc., when suit was timely filed against Diesi?
(3) Was Charles Lushute, at the time of his death, performing work which was an integral part of the business of Frank J. Diesi and/or Little Capitol of Louisiana, Inc.?
In discussing the first two issues we observe that the record shows that Charles Lushute, on May 23, 1974, while performing maintenance services on an air conditioning system fell through the ceiling of the Little Capitol Restaurant in Krotz Springs. He died on the following day from injuries he sustained in that fall.
It was stipulated at the time of trial that some six months following the accident plaintiff contacted Robert Szabo, an attorney in Baton Rouge, to represent her in prosecuting any claim she might have as a result of her husband's death.[2] After several *1134 inquiries about the accident, Szabo, by letter dated January 21, 1975 contacted Salvador Diesi, Frank Diesi's son, who was an attorney in Opelousas, Louisiana.[3] Szabo's letter informed Salvador Diesi of the death of Lushute at the restaurant, and advised Diesi that he had been retained to further Mrs. Lushute's claim for workmen's compensation death benefits. Szabo by this letter requested information regarding the individual, corporation, or any other entity which owned and operated the Little Capitol Restaurant, as well as information regarding the workmen's compensation insurer. Salvador Diesi testified that he had received Szabo's letter of January 21, 1975, but never responded in writing to the request. The stipulation establishes that Szabo never received any answers to his inquiries, and as a consequence traveled to Opelousas to check the public records. Szabo's examination of the records revealed that Frank J. Diesi was the owner of the premises. Szabo found no recorded lease of the premises in the public records.
On May 21, 1975 Szabo filed the original petition in the instant matter naming Frank J. Diesi, operator of the Little Capitol Restaurant, defendant. Frank Diesi was served with the petition, but immediately thereafter turned the same over to his son Salvador Diesi, who by letter to Szabo dated May 27, 1975 indicated he had forwarded the petition to their workmen's compensation insurer. Subsequently, another attorney, John Shaw, filed an answer on behalf of the defendant Diesi. Following defendant's answer Szabo withdrew as plaintiff's counsel of record and plaintiff's present counsel took over. On September 16, 1975 plaintiff filed an amending and supplemental petition naming Little Capitol of Louisiana, Inc., as co-defendant. The defendant corporation filed an exception of prescription setting forth that the death of Charles Lushute occurred on May 24, 1974 and suit was not instituted against it until September 16, 1975. The defendant Diesi filed an exception of no cause of action alleging that at the time of the accident he did not operate a restaurant known as the Little Capitol Restaurant, but had previously leased the same to Little Capitol of Louisiana, Inc.
The record shows that Frank J. Diesi is the owner of the premises known as the Little Capitol of Louisiana Restaurant. Frank Diesi testified that he operated the restaurant prior to October, 1965 however, about that time the operation of the restaurant was turned over to a newly formed corporation, Little Capitol of Louisiana, Inc. Although the title to the land and buildings remained in Diesi's name all existing restaurant equipment on the premises was transferred to the corporation. Carl Bellard, a certified public accountant, testified that the corporation was the owner of the restaurant equipment located on the premises and that the equipment was being depreciated on the corporation's federal income tax statements. The evidence also shows that in October of 1971 an oral agreement between the corporation and Frank J. Diesi provided for the lease of the premises by Diesi to Little Capitol of Louisiana, Inc., for $1,000.00 per month. Frank Diesi stated that he received these payments until March of 1973, at which time the corporation discontinued the rental payments because of a sharp decline in its income. Diesi's testimony was corroborated by the defendant's introduction of checks issued from Little Capitol of Louisiana, Inc., to Frank Diesi. Also introduced were checks issued from Little Capitol of Louisiana, Inc. to Charles Lushute. These latter checks which covered a period of about two years were issued to Charles Lushute in payment for electrical and plumbing services. All of the checks introduced by the defendant were signed by the restaurant manager, "Johnny Gerace c/o Frank J. Diesi". Johnny Gerace is the person who called Charles Lushute on May 23, 1974 to come to the restaurant to fix the air conditioning unit.
We finally note that the articles of incorporation of Little Capitol of Louisiana, Inc., *1135 dated October 1, 1965, provide that Frank J. Diesi and Salvador Diesi serve the corporation as its President and Secretary-Treasurer, respectively. Both Diesis were listed as registered agents of the corporation.
The trial court concluded that Frank J. Diesi and Little Capitol of Louisiana, Inc., were both the employers of Charles Lushute; that as such both were liable to plaintiff in solido; and, therefore the supplemental and amending petition naming as defendant, Little Capitol of Louisiana, Inc. was timely filed. We conclude that the trial court erred in finding that Frank J. Diesi was the employer of Lushute. Further, although we determined that Diesi and Little Capitol of Louisiana, Inc. are not solidary obligors, we find that the trial court's overruling of the latter's exception of prescription was correct.
We are unable to find any evidence in the record which would support a conclusion that following October 1965 Frank J. Diesi continued as operator of the Little Capitol of Louisiana Restaurant or that Diesi was the employer of Charles Lushute. To the contrary the evidence reflects that the corporation, Little Capitol of Louisiana, Inc., was formed on October 1, 1965 for among other purposes "to construct, own, buy, sell, lease, equip and operate restaurants, bars of all kinds; . . .". Shortly following the filing of the corporate charter the physical properties owned by Diesi were leased to the corporation and all restaurant and bar equipment was conveyed to the latter. Thereafter all business was conducted in the name of the corporation and all payments for rentals, services, etc. were paid by check drawn on the corporation's bank account. The record clearly establishes that the services performed by Lushute on all occasions and specifically on May 23, 1974 were performed not for Frank Diesi but rather for Little Capitol of Louisiana, Inc. and that the latter paid for these services by check drawn on the corporation's bank account.
It is well established that a corporation has a separate and distinct existence apart from its stockholders and officers, and in the absence of fraud, the liability of a corporation is not the liability of the shareholders or the officers thereof. McMillan Welding and Machine Works v. General Towing Company, D.C., 247 F.Supp. 402; Cefalu v. Cefalu Co., 253 So.2d 547 (La.App. 1st Cir. 1971); Nichols Construction Corporation v. Spell, 315 So.2d 801 (La.App. 1st Cir. 1975). It is conceded that under certain circumstances, i.e., fraud etc., the corporate entity is disregarded when it is found necessary to promote justice or avoid inequities, however, such circumstances are clearly not present in the instant case.
We determine that Frank J. Diesi was not the operator of the Little Capitol Restaurant on May 23, 1974 nor did he on said date contract for the services of Charles Lushute. The operator and owner of such business being Little Capitol of Louisiana, Inc. Accordingly, the trial court judgment against Frank J. Diesi is reversed and plaintiff's suit as against him will be ordered dismissed with prejudice.
We next consider whether the plaintiff's action against the defendant, Little Capitol of Louisiana, Inc. has prescribed.
Admittedly, although the instant suit was timely filed, the proper defendant was not made a party thereto until several months following the tolling of the one year prescription. The question is thus presented as to whether the filing of the suit timely against Frank J. Diesi, individually had the effect of interrupting prescription as to the Little Capitol of Louisiana, Inc.
The statutory provision concerning the running of prescription in workmen's compensation claims is found in LSA-R.S. 23:1209. This provision reads in pertinent part as follows:
". . . all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter."
*1136 In considering the quoted provision the Supreme Court in Nini v. Sanford Brothers, Inc., 276 So.2d 262, 264 (La.1973) stated that "the essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved. If suit is filed in a court of competent jurisdiction, prescription is interrupted." The law with respect to prescription in workmen's compensation cases was succinctly summarized by Professor Malone, Malone La. Workmen's Compensation Law & Practice Section 384 (pp. 497-98) (1951), as follows:
"A petition and citation filed within a year from the time of accident, but which names the wrong defendant will not interrupt the running of prescription where the proper defendant was not aware that an action had been instituted against him. (Bowerman v. Pacific Mut. Ins. Co. (1948) 212 La. 999, 34 So.2d 53; Ruffin v. Blue Plate Foods, Inc. (La.App.Orl.1947) 29 So.2d 722). A suit, however, which advises the proper employer of the claim will serve to interrupt prescription even though the defendant is improperly named, as where suit is filed against a non-existent corporation but process is served against the defendant who is doing business under a similar name. (Mitchell v. Sklar (La.App.2d Cir. 1940) 196 So. 392). Similarly, where two corporations which are engaged in closely coordinated activities have a common manager, service of process upon such manager will interrupt the running of prescription, even though the wrong corporation is named as employer. (Lunkin v. Triangle Farms, Inc. (1945) 208 La. 538, 23 So.2d 209)."
See also: Stewart v. Maloney Trucking and Storage, Inc., 147 So.2d 62 (La.App. 4th Cir. 1962); Banks v. K & H Stock Farm, 97 So.2d 444 (La.App. 1st Cir. 1957).
Our consideration of the facts of this case in light of the cited authorities prompts us to conclude that the suit timely instituted by plaintiff against Frank J. Diesi served to interrupt the one year prescription provided for in LSA-R.S. 23:1209 and that plaintiff's petition as amended presents a viable claim against Little Capitol of Louisiana, Inc.
There can be no doubt but that the defendant, Little Capitol of Louisiana, Inc., had notice of the filing of this suit prior to the running of prescription. Frank J. Diesi who was served as a defendant was the registered agent for service of process of the corporation. After being served he immediately delivered the plaintiff's petition to his son, Salvador Diesi, the other registered agent. Both were keenly aware from the allegations set forth in this petition and facts peculiarly within their own knowledge that the claim was against Little Capitol of Louisiana, Inc. and not Frank Diesi. This case clearly presents a situation where the proper party had notice of the claim and that suit on such claim had been instituted. For these reasons we conclude that the trial court properly overruled the exception of prescription filed by Little Capitol of Louisiana, Inc.
We turn finally to a consideration of the principal issue, i.e., was Charles Lushute, at the time of his death, performing work which was a part of the principal's trade, business, or occupation.
No contest is made of the fact that Charles Lushute was an independent contractor who, by virtue of LSA-R.S. 23:1021(6), was covered under the provisions of the workmen's compensation act. LSA-R.S. 23:1021(6) provides in pertinent part:
"`Independent Contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter." *1137 It is admitted that Charles Lushute, just prior to the accident, had spent a substantial part of his time performing manual labor in carrying out his contract to repair the air conditioning system at the defendant's restaurant. However, defendants contend that the workmen's compensation act is not applicable since the work being performed by the independent contractor, Lushute, was not a service which was an integral part of his principal's trade, business, or occupation.
The evidence in this regard shows that the decedent, Charles Lushute was a self-employed plumber and electrician who performed most of his own work. Mrs. Lushute testified that her husband owned the equipment which he used in his trade, including a truck. Lushute serviced about 270 clients. Concerning Lushute's association with Little Capitol Restaurant, Frank Diesi testified that Lushute had been called upon to repair the plumbing and electrical appliances in the establishment for well over 30 years. It was stipulated that defendant usually paid Lushute $6.00-$7.00 an hour for the work performed. Mrs. Lushute further testified that in the year prior to her husband's death he was called to Little Capitol Restaurant on an average of once or twice a month. It is undisputed that Lushute had previously serviced defendant's refrigeration equipment, stoves, toaster, and plumbing. At the time of Charles Lushute's death he was working on one of the four air conditioning units at the restaurant.
The evidence also showed that the defendant corporation operated a restaurant and at no time engaged in the plumbing, electrical, or air conditioning business.[4] The defendant did not employ a full-time electrician or plumber.
The law is clear that the test to be applied in determining whether the repair and maintenance services performed by Lushute were a part of his employer's trade, business, or occupation is whether such services constituted an integral part of defendant's regular business. In other words, were the services substantial, essential and recurring. Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972); Broussard v. Adams, 270 So.2d 913 (La.App. 3rd Cir. 1972). As stated in Evan v. Naihaus, 326 So.2d 601, 604 (La.App. 4th Cir. 1976):
"A major purpose of the Workmen's Compensation Act was to remove the burden of industrial and commercial accidents from the victim and to allocate the cost of these accidents over the consumers of the product or the customers of the business. The act was thus intended to apply to workers whose services form a regular and continuing part of the business or cost of the product."
Likewise, it is well established that this determination is a question of fact which must be adduced by the evidence in each case. Broussard v. Adams, supra; Doss v. American Ventures, Inc., supra. See also Vizena v. Travelers Insurance Company, 238 So.2d 238 (La.App. 3rd Cir. 1970) writ refused, 256 La. 885, 239 So.2d 542, 1970 and cases therein cited.
The trial court concluded from the evidence that the repair of the air conditioning system was essential to and an integral part of the operation of defendant's restaurant business. Our review of the evidence convinces us that the trial court had a reasonable basis upon which to found this factual conclusion. The restaurant building is a modern day brick and glass structure. The temperature control in this building was solely dependent upon the air conditioning and heating system. As testified to the building on the afternoon of May 23, 1974 was hot, and certainly this uncomfortable situation affected not only the restaurant's employees but the patrons. Obviously the restaurant's normal operation could not have continued without a functioning air conditioning system.
The record also establishes that the defendant's business required him to employ *1138 Lushute to perform substantial maintenance and repair of essential items such as plumbing and electrical appliances as well as the air conditioning; and, that Lushute was so employed by defendant on a frequent and recurring basis over many years. After considering all the evidence, we find, as did the trial court, that the repair work being performed by Lushute at the time of his death was an integral part of the trade, business or occupation of the defendant, Little Capitol of Louisiana, Inc.
For the above and foregoing reasons the judgment appealed from is reversed insofar as it casts Frank J. Diesi in judgment to plaintiff and it is accordingly ordered, adjudged and decreed that plaintiff's suit against Frank J. Diesi be dismissed with prejudice. In all other respects the judgment of the trial court is affirmed, appellant, Little Capitol of Louisiana, Inc., to be cast for all costs of these proceedings in the trial court and on appeal.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.
NOTES
[1] Neither party questions the quantum of this award.
[2] Robert Szabo did not testify at the trial of this matter.
[3] Salvador Diesi was at the time of Szabo's letter serving as the secretary-treasurer of the defendant corporation, Little Capitol of Louisiana, Inc.
[4] It was stipulated to by defendant that its restaurant operation was a hazardous business.