No. 1992.—C. Case, Receiver, etc., *v.* J. W. Cannon and D. C. McCan.

Obligations, acquired subsequently to the insolvency, can not be pleaded in compensation by the debtor of the insolvent.

Where judgment has been given in the court below for more than is demanded in the petition, it will be reduced on appeal to the amount demanded, and the plaintiff will be condemned to pay the costs of the appeal.

APPEAL from Fifth District Court, parish of Orleans. *Leaumont, J.* *George L. Bright* and *J. D. Rouse,* for plaintiff and appellee. *H. D. Stone,* for defendant and appellant

Howell, J. This is a suit against the maker and indorser of a promissory note for $5000, the defense to which is the plea of compensation, based on three drafts, amounting, as set out in the first answer, to $5077 42, and in the second to $2831 84, drawn by the First National Bank of New Orleans on the Fourth National Bank of New York

On the second trial, in the court below, judgment was rendered against Cannon alone for $7000, from which he has appealed. It is suggested that this is the judgment which was rendered in the suit of Case, Receiver, etc., *v.* J. W. Cannon, No. 18,157, on docket of the lower court, and improperly copied into the record of this suit, having the number 18,574, of said docket, and in the answer to the appeal we are asked to render judgment, as prayed for below, against both defendants *in solido.* The objection to this is, that if such error exists, one of the defendants, McCan, is not before us, except as appellee, and we can not amend a judgment as between appellees. Plaintiff should have appealed so as to have the parties properly before us. The plea

of compensation is not sustained. It is shown by defendant Cannon's vendor, that Cannon acquired these drafts after the bank failed; and there is in the record an admission, "that the First National Bank stopped payment on the thirteenth May, 1867." Defendant alleges that he acquired the drafts on the fourteenth May, 1867. After this failure the debtors and creditors of the bank could do no act to change their relations to the bank so as to affect in any manner the *pro rata* distribution, to be made between the creditors. See 13 U. S. Statutes at large, p. 114, § 50. It is well settled that compensation can not be pleaded in cases of insolvency, when the debtor of the insolvent acquires the claim proposed to be compensated subsequently to the failure of the insolvent. 2 L. 82; 14 L. 556; 2 An. 459; 6 N. S. 66; 3 N. S. 29; 1 N. S. 481.

The admission of defendant in the record sufficiently fixes the condition of the bank in this instance to apply this principle. The judgment, however, should be reduced to the amount claimed.

It is therefore ordered that the judgment appealed from be reduced from $7000 to $5000, with five per cent. interest from June 5, 1867, and $3 30 costs of protest and costs in the lower court, and that, as thus amended, the said judgment be affirmed, costs of appeal to be paid by plaintiff and appellee.

Howe, J., recused.