## No. 3079

## Second Circuit

## OLIPHANT v. LOUISIANA LONG LEAF LUMBER CO.

(Nov. 10, 1927. Opinion and Decree.)
(Dec. 21, 1927. Rehearing Refused.)
(Feb. 13, 1928. Certiorari Denied by Supreme Court.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant —Par. 160, 160 (j).**

Wife of deceased employee suing for compensation under Workmen's Compensation Act No. 20 of 1914, Section 8, Sub-sections 2 (a) and 2 (e), shows dependency where decedent resided near farm where plaintiff resided, visited plaintiff from time to time and made contributions of money and wearing apparel.

2. **Louisiana Digest—Master and Servant —Par. 160, 160 (j).**

Wife can recover for death of husband under Workmen's Compensation Act No. 20 of 1914 as amended where evidence does not show deceased to have been married to another at the same time and good faith of wife is presumed by her having married and lived with him until his death, which presumption of good faith is supported by other evidence.

3. **Louisiana Digest — Appeal — Par. 625; Master and Servant—Par. 160 l.**

Where there is conflict of testimony the ruling of the trial court on matters of fact and credibility of witnesses will be affirmed if not manifestly erroneous.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Sabine. Hon. Hal. A. Burgess, Judge.

Action by Earlee Oliphant against Louisiana Long Leaf Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. O. Gunter; J. W. Jones, Jr., of Natchitoches, attorneys for plaintiff, appellee.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellant.

WEBB, J. The plaintiff, Earlee Oliphant, seeks to recover judgment against the defendant, Louisiana Long Leaf Lumber Company, for compensation for the death of her husband, Amos Oliphant, who was killed while in the employ of the defendant company.

The defense is that plaintiff was not the legal wife of the decedent and that she is not entitled to compensation, having contracted the marriage with decedent with knowledge that he was at the time married to Bertha Johnson; and, further, if she was the legal or putative wife of decedent, she was not dependent upon him for support within the meaning of paragraphs (a) and (e), sub-section 2 of section 8 of the statute.

On trial judgment was rendered in favor of the plaintiff as prayed for and defendant appeals.

OPINION.

This cause was before us some time since and on an application to the Supreme Court for a writ of review the decision rendered by this court was reversed and the case remanded to the District Court for a new trial, at which time additional evidence tending to show the former marriage of decedent (which was refused to be admitted on the former trial) was offered together with evidence tending to show the good faith of plaintiff, and as there was not any further evidence relative to the question of dependency offered at the second trial, we are of the opinion that our former ruling as to the question of dependency (which was not reviewed by the Supreme Court) was correct, as we find that the evidence, while it shows that decedent was residing at the place where he was employed and plaintiff was residing on a farm a short distance away at the time of decedent's death, yet it also appears that decedent visited plaintiff from time to time, remaining over night on the occasions of his visits, and that he made contributions of money and wearing apparel to her during such time, and we do not think under such circumstances it could be said that their conjugal relations were severed and that they had ceased living together within the meaning of the statute.

Relative to the question of whether or not there was any legal impediment to the marriage, we do not find that the evidence establishes there was any, although it does show that decedent had been formerly married to one Bertha Johnson; but it is not shown that he had not obtained a divorce from his former wife; but it does appear from the evidence that Bertha Johnson, decedent's former wife, had married after her separation from decedent and that decedent had told other parties that he had been divorced, and we do not think plaintiff could be presumed to have had knowledge of an impediment to her marriage which is not shown to have existed.

However, conceding without deciding that the former marriage must be presumed to have existed, and that plaintiff having been informed of the former marriage it was her duty to make some inquiry as to whether or not the former marriage had been dissolved, the evidence shows that she called upon her brother and father to make an investigation which they did by discussing the matter with decedent who stated to them that he had

been divorced, which they reported to plaintiff.

While it may seem that the investigation which was made was not what it should have been, yet considering that the plaintiff was an ignorant negro girl, fourteen years of age at the time of her marriage, and that she requested her father and brother to make an investigation, we do not think she could be said to have been in bad faith in acting upon their report. (Ray vs. Knox, 164 La. —, 113 South. 814.)

The plaintiff having contracted marriage with decedent and having lived with him until the time of his death, is presumed to have been in good faith; (Succession of Benton, 106 La. 503; 31 South. 123; Smith vs. Smith, 43 La. Ann. 1149, 10 South. 248); and although it appears that she knew decedent had been formerly married, we think the presumption is supported and her good faith established by the evidence which shows that when she learned of the former marriage she called upon her father and brother to ascertain whether the former marriage still existed and acted upon their report.

There is some conflict of the testimony relative to the good faith of the plaintiff which involves a question as to the credibility of the witnesses. However, the trial Judge accepted that of the plaintiff, and it cannot be said that he manifestly erred in accepting the evidence offered by plaintiff rather than that offered by defendant. (Pisciotte vs. Indemnity Co., 164 La. —, 113 South. 840.)