No. 3372

Second Circuit

## BOOKS v. KEEN & WOOLF OIL CO ET AL.

(November 8, 1928. Opinion and Decree.)

George T. McSween, of Shreveport, W. C. Boone, of Homer, attorneys for plaintiff, appellee.

Pugh, Grimmet and Boatner, of Shreveport, and Spearing and Mabry, of New Orleans, attorneys for defendant, appellant.

### STATEMENT OF THE CASE

REYNOLDS, J. This is a suit under the Workmen's Compensation Act.

Plaintiff, Mrs. Annie Mae Books, sues for herself and a minor child, Bernice

Inez Books, issue of her marriage with P. H. Books, deceased. She alleges that her husband died on January 11, 1927, as the result of injuries accidentally received by him July 9, 1926, while in the employ of and performing services for Keen & Woolf Oil Company, Inc.; that at the time of the accident he was earning $5.50 a day and working seven days in the week; and she prays for judgment for $17.81 a week for three hundred weeks beginning July 16, 1926, with legal interest on each installment from the date it was due. She also asks for further judgment in the sum of $400.00 as and for medical attention to and burial expenses of the deceased.

The defense is that the plaintiff was not living with the deceased at the time of the injury to him and his death and was not then actually dependent on him for support; that the death of the deceased was not caused by the injuries received by him while in defendant's employment; that the defendant had itself paid all expenses connected with the injury to and burial of the deceased; and that it had paid compensation to the amount of $220.00 on account of disability of the deceased by reason of his injury.

On these issues the case was tried and there was judgment in favor of the plaintiff for the benefit of herself and her minor child against the defendant for compensation of $17.81 a week for three hundred weeks, beginning July 16, 1926, with legal interest on each installment from its maturity until paid, and the costs of suit.

From this judgment the defendant appealed, and the plaintiff has answered the appeal and asks that the judgment be amended so as to increase the amount of the weekly installments to be paid by defendant from $17.81 to $20.00, and so as to allow her the additional sum of $400.00 as and for medical and burial expenses of the deceased.

## OPINION

Plaintiff's husband was injured on July 9, 1926. He was struck on the left side by an iron pipe and several of his ribs were broken thereby. He died on January 11, 1927. The immediate cause of his death was pulmonary tuberculosis. Regarding the causal connection between the accident and his death, Doctor C. W. McGowen testified:

"Q. Now state to the court the condition he was in at the time that you treated him, Doctor?

"A. Well, when I first examined Mr. Books in my office in this building, I found a very active tuberculosis in both lungs, more in the left than in the right, with definite physical signs from the x-ray and positive sputum. He was sent to the Pines Sanitarium and stayed there from, I believe some time in August or July, I cannot recall. I would not state positively about the exact date, but when he came to the hospital he was a bed patient and remained a bed patient the entire time he was there. He had a discharging sinus from the left side and discharged pus the entire time he was there. Several of his ribs were fractured at that point, which were movable. He had a severe cough and considerable pain, and did not seem to respond to any treatment we gave him—general treatment or rest. He grew progressively worse, and died.

\*   \*   \*   \*

"Q. Then it is your opinion, Doctor, of the cause of his death, as connected with the accident—from the receipt of the accident?

"A. My opinion is that he died of pulmonary tuberculosis, aggravated by a lick on the chest sufficient to fracture two or three ribs.

"Q. Did the ribs ever unite?

"A. No, not all of them. There are two that did not, at least.

\*   \*   \*   \*

"Q. I am asking you if it is possible if he had not received the lick—

"A. (Interrupting) I think he had some tuberculosis before he received the lick.

"Q. Then * it is * your * opinion, * Doctor, that this accident aggravated or caused his death from tuberculosis?

"A. Yes, sir."

Doctor Harold J. Quinn testified:

"Q. Doctor, assuming that a man, able to do oil field work every day, weighing approximately 180 pounds, received a lick to his left side, fracturing three or four ribs; that immediately following that accident, the ribs failed to unite, and that he constantly loses weight after that time, and eventually dies some two months after that from tuberculosis—some four months after this accident from tuberculosis— what is your opinion as to what effect that accident had on the development of the tuberculosis?

"A. Well, my opinion is that the patient had probably a chronic tubercular condition and that the accident aggravated it. He probably had an old chronic condition.

"Q. What is your opinion as to whether that condition was active or inactive at the time that he received the injury?"

The evidence shows that on April 25, 1925, the deceased contracted a bigamous marriage with another woman.

Plaintiff testifies that she last saw her husband in October, 1925, and that he then accompanied her from Haynesville to Arcadia on her way to her father's home where, she testifies, she was to remain until the deceased obtained permanent employment.

The mother and brother of the deceased testified that it was in the fall of 1924 that plaintiff went to her father's home, and defendant earnestly insists that this is the true date of that event, and that this fact and the deceased's bigamous marriage and the fact that plaintiff never saw her husband again after she went to her father's home, conclusively show that the separation between plaintiff and her husband was intended to be and was permanent.

But there is no evidence in the record or suggestion that plaintiff was aware of the bigamous marriage or that the deceased intended to desert her.

As stated above, the District Judge resolved defendant's contention against it, and we cannot say that he manifestly erred in doing so.

Plaintiff asks us to increase the amount of the weekly payment awarded her from $17.81 to $20.00.

The amount awarded her was the exact amount demanded by her in her petition, and therefore she has no just ground of complaint on this score.

Case vs. Cannon, 23 La. Ann. 36.

Plaintiff also asks us to grant her judgment for the further sum of $400.00 as and for medical and burial expenses of her deceased husband.

There is no evidence that plaintiff paid or obligated herself to pay any sum of money on this account. On the contrary, it is proven that the defendant paid all such expenses.

Finding no error in the judgment appealed from, it is accordingly affirmed.