274 So.2d 845 (1972)
Leavre E. REED, Sr., Plaintiff-Appellee,
v.
MULLIN WOOD COMPANY, INC., et al., Defendants-Appellants.
No. 11942.
Court of Appeal of Louisiana, Second Circuit.
October 17, 1972.
On Rehearing February 6, 1973.
Rehearing Denied March 6, 1973.
Writs Refused April 12, 1973.
*846 Theus, Grisham, Davis & Leigh by J. Bachman Lee, Monroe, for defendants-appellants.
Cameron C. Minard, Columbia, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied March 6, 1973.
PRICE, Judge.
This is an appeal from the judgment of the district court awarding plaintiff benefits under the Workmen's Compensation Statute for a total and permanent disability resulting from an accidental injury suffered while working as a wood producer for defendant, Mullin Wood Company, Inc.
On September 3, 1970, plaintiff was loading pulpwood on his truck to be hauled to defendant Mullin's wood yard at Clarks, Louisiana. While carrying a heavy piece of wood on his shoulder he stepped into a hole and fell, causing the wood to strike him on the thigh of his left leg. He was unable to continue working due to swelling and pain in the leg. After reporting the accident to defendant plaintiff visited a local medical clinic on the day of the accident but was unable to see either of the physicians, Dr. Carroll or Dr. Winters. Dr. Winters examined plaintiff some six days after the accident and treated plaintiff for bruised muscles. As no improvement was shown by September 23, 1970, plaintiff returned to the medical clinic and was seen by Dr. Carroll who examined and X-rayed plaintiff's left thigh. Dr. Carroll found hemorrhage manifestations in the tissue with small abrasions. The X-ray disclosed a small defect in the left femur. Dr. Carroll referred plaintiff to Dr. Cline, an orthopedic specialist in Monroe, for evaluation and treatment. Dr. Cline noted a lesion of the femur and performed a biopsy to determine its nature. The biopsied material was examined by a pathologist and found to be cancerous. Plaintiff's condition was diagnosed as plasmacytoma, a tumor of the plasma cells which exist in the *847 bone marrow. Further tests revealed the bone cancer to be localized in this one area in the left femur. After a series of weekly cobalt treatments, Dr. Cline considered the lesion to be healing satisfactorily and found no further evidence of the spread of the condition to other areas.
Plaintiff filed this action on May 10, 1971, naming Mullin Wood Company and its insurer, Employers Mutual Liability Insurance Company of Wisconsin, as defendants. He alleged the injury received on September 3, 1970, while in the employ of Mullin either caused or aggravated the condition of plasmacytoma which resulted in his being permanently disabled to perform work of a reasonably similar nature.
Defendant, in answer to plaintiff's petition, denied the accident of September 3rd had any causal connection with the cause or progress of the bone cancer in plaintiff's left femur and that any disability resulting from that injury would have been very minor with complete recovery in a few days after the accident.
On this appeal there are two issues to be resolved: (1) Did the trauma received by plaintiff on September 3, 1970 cause or aggravate the bone cancer? (2) Should a causal relationship be found between the trauma and the plasmacytoma, then had plaintiff sufficiently recovered on the date of trial on November 30, 1971, to be able to perform work of a reasonably similar nature?
The medical evidence on these issues is in direct conflict. Dr. Carroll, a general practitioner, who first treated plaintiff and referred him to Dr. Cline, was of the opinion the trauma activated and aggravated a dormant cancerous condition causing it to result in a permanent disability to plaintiff to perform the same or similar work as being done at the time of injury.
Dr. Cline, to the contrary, testified that in his opinion trauma had nothing to do with the cause of the cancer in plaintiff, nor did it aggravate or accelerate its progress. He considered it beneficial that plaintiff received a minor injury to his leg which caused the discovery of the plasmacytoma at such an early stage that immediate treatment possibly had prevented its spread and saved plaintiff's life.
We find the evidence to amply support the conclusion that plaintiff was at the time of trial unable to engage in work of a reasonably similar nature to that he was performing when injured. As a pulpwood producer plaintiff testified it was frequently necessary for him to manually load heavy pieces of wood and that it was necessary that he work as part of a crew to make a profit from such a venture. Both Dr. Carroll and Dr. Cline were of the opinion he should avoid heavy lifting at the time of trial.
There is no question that plaintiff had the plasmacytoma prior to the time of his accidental injury and was completely unaware of same. There is no evidence that he had ever had any symptoms such as pain or inability to do heavy manual labor. From the date of the trauma to his leg he has been unable to perform such labor.
Although Dr. Cline is very positive in his testimony that he does not believe there is any causal connection in the trauma and the disability resulting from the cancer, he admits there is a division of thought by medical authorities on this subject. We gather from his testimony that although he has treated a number of bone cancers in his career, the type here involved is very rare and there is limited experience in the medical profession on the causes relating to acceleration or progression of this form of cancer.
Dr. Carroll testified that when he first X-rayed plaintiff's leg on September 28, 1970, he noted a bone disturbance immediately behind the area of swelling in the soft tissue caused by the trauma. He felt the dormant lesion was stirred up by a hemorrhage into the bone area caused by the trauma.
*848 This opinion is, of course, contrary to the views expressed by Dr. Cline who adheres to the school of thought that cancers are not aggravated or accelerated by trauma.
We believe this case to fall squarely within the expression of this court in the case of Lyons v. Swift & Company, 86 So. 2d 613 (La.App. 2d cir. 1956) concerning the question of aggravation of cancer by trauma, which we quote as follows:
"Although there is a conflict in the medical testimony as to whether plaintiff's pre-existing condition was aggravated by the trauma to his abdomen, yet, to our minds, one of the strongest, single factors supporting plaintiff's claim is that until the very date and moment of the accident and for several years prior thereto, he was in apparent good health, robust, strong, able to do and doing heavy, strenuous labor. From that day and moment forward he has been totally and completely disabled and unable to perform any work of a reasonable character. There must have been a cause for this sudden change. Plaintiff has advanced a substantial reason for such change. The evidence preponderates in his favor. No contrary view is urged by defendants other than that plaintiff had a pre-existing carcinoma of the stomach, which, notwithstanding the accident and injury sustained by plaintiff, was the sole and only ground for plaintiff's condition and that such disease could not be and was not aggravated, activated or accelerated by the injury received in the aforesaid accident. Similar defenses have been urged to no avail in other cases, as is shown by the authorities cited and quoted hereinabove in addition to which may be cited: Renfrow v. Caddo Parish Police Jury, La.App., 155 So. 291; Murray v. Mengel Co., La.App., 9 So.2d 818; Weaver v. Mansfield Hardwood Lumber Co., La.App., 4 So.2d 781; Books v. Keen & Woolf Oil Co., 9 La.App. 288, 120 So. 99; Brim v. Home Acc. Ins. Co., 15 La. App. 681, 131 So. 762; Dow v. Stanolind Oil & Gas Co., La.App., 9 So.2d 828."
In the instant case plaintiff was asymptomatic prior to the injury on September 3, 1970. His disability commenced at that time and he has not recovered sufficiently to resume work through the date of trial. We, therefore, are of the opinion the trial judge was correct in finding his disability resulted from accidental injury sustained in his employment and that the disability is total and permanent.
There is an apparent oversight in the judgment signed by the trial court in omitting the award of past medical expenses incurred by plaintiff of $2,189.68, proof of which is contained in the record. We are of the opinion the appellate court has the authority to amend the judgment appealed from to correct apparent errors in the judgment to conform with the intended decree of the trial judge.
The judgment appealed from is hereby amended to award plaintiff past medical expenses incurred in the sum of $2,189.68 and defendant is further ordered to pay future medical expenses up to the statutory maximum.
The judgment as amended is affirmed. Costs of this appeal are to be paid by defendants.
Amended and affirmed.

ON REHEARING
PRICE, Judge.
On application of defendants we granted a rehearing in this matter for the limited purpose of correcting the corporate title of one of the defendants named in the judgment of the trial court and to reconsider the authority of this court to modify the judgment appealed from to include medical expenses in favor of the workmen's compensation claimant who neither appealed nor answered the defendant's appeal.
It has been called to our attention by the defendant, Employers Mutual Liability Insurance Company of Wisconsin, *849 that it has been incorrectly named in the judgment signed by the trial court as "Employers Insurance of Wausau" and that this court affirmed the judgment appealed from without amending it to correct the corporate name of this defendant. Applicant is correct in this position and the judgment should be amended in this regard.
Defendants further point out to the court in their application that no answer to the appeal perfected by them was filed by plaintiff, nor did plaintiff himself appeal from the judgment rendered in this matter, and we therefore had no authority to modify the judgment to increase the award in his favor.
In our original opinion, after concluding the trial court was correct in finding plaintiff entitled to benefits under the Workmen's Compensation Statute, we amended the judgment to also include medical expenses provided by the statute which were obviously overlooked by the trial judge and counsel at the time of preparation and signing of the formal judgment.
After a careful and painstaking study of all pertinent statutory law and the jurisprudence on the subject, we can find no authority to authorize our modification of this judgment which has become final as to the plaintiff who failed to either appeal or answer the appeal of the opposing parties.
The Code of Civil Procedure Article 2133 provides:
"Art. 2133. Answer of appellee; when necessary
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action."
In State Through Department of Highways v. Chappell, 137 So.2d 432 (La.App. 2d Cir. 1962), this court discussed the effect of the failure of an appellee to answer an appeal as follows:
"The rule is well established that a judgment cannot be changed in favor of an appellee who has not appealed from the judgment nor filed an answer to an appeal taken; merely requesting such a change in brief or argument, or both, is not sufficient. LSA-C.C.P. Art. 2133; Polizzi v. Lotz, 240 La. 734, 125 So.2d 146; Rader v. Rader, La.App. 4th Cir., 1961, 126 So.2d 189; Pinchera v. Employers Casualty Co., La.App. 2d Cir., 1954, 73 So.2d 623."
We find the jurisprudence has consistently followed this rule of law and find no exceptions thereto since the provisions of the Code of Civil Procedure became effective in 1961.
Plaintiff's counsel urges in brief and in oral argument that this court remand the case to allow the trial court to correct the judgment to prevent a miscarriage of justice. We do not consider we have any more authority to remand than we have to correct such an error ourselves. The judgment is final as to a party not taking an appeal. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1963); Anderson v. Legrande, 140 So. 269 (La.App. 2d Cir. 1932). Although we sympathize with the dilemma of plaintiff, *850 we are without authority to make such a revision in the judgment as requested.
For the foregoing reasons the judgment appealed from is amended to delete therefrom the name "Employers Insurance of Wausau" from paragraph two of the judgment and it is now ordered that portion of the judgment shall provide as follows:
"IT IS ORDERED, ADJUDGED AND DECREED That there be judgment in favor of LEAVRE E. REED, SR., and against MULLIN WOOD COMPANY, INC., and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, in solido, ordering and decreeing that said defendants do pay unto plaintiff, compensation for permanent and total disability at the rate of Forty-nine and 00/100 ($49.00) Dollars per week for the period of disability, but not to exceed five hundred (500) weeks, beginning with September 3, 1970, all payments to bear eight (8) per cent per annum interest from the date they were due."
In all other respects the judgment is affirmed at appellant's costs.