303 So.2d 506 (1974)
Leavre E. REED, Sr., Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Defendant-Appellee.
No. 12444.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
Rehearing Denied, December 10, 1974.
*508 Cameron C. Minard, Columbia, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by J. Bachman Lee, Monroe, for appellees.
Before BOLIN, PRICE and DENNIS, JJ.
En Banc. Rehearing Denied, December 10, 1974.
DENNIS, Judge.
This is appellant's second suit for medical benefits under the Workmen's Compensation Act arising from the same accident.
Leavre E. Reed suffered an injury to his leg during the course and scope of his employment on September 3, 1970. He originally filed suit on May 10, 1971, praying for compensation, accrued medical expenses of $2,189.68 and future medical expenses not to exceed the statutory maximum. The district court, in the first suit, rendered judgment on May 11, 1972, awarding Reed compensation for total and permanent disability. However, the judgment was silent as to medical expenses. The employer and its insurer appealed, but Reed failed to appeal or answer the appeal.
This court in Reed v. Mullin Wood Company, Inc., 274 So.2d 845 (La.App., 2d Cir. 1972) affirmed the lower court's ruling as to compensation benefits. After the first hearing the judgment was amended to include $2,189.68 accrued medical expenses. Apparently this court was initially persuaded by Reed's argument, supported by a letter from the trial judge, that the failure to award medical expenses below was due to oversight. On rehearing, however, it was determined that this court was without authority to make such an amendment because Reed had neither appealed nor answered the opposing-party's appeal. Reed was denied a rehearing and both parties applied to the Louisiana Supreme Court for writs which were denied April 12, 1973.
On February 22, 1973, Reed instituted the present suit praying for $5,731.78 accrued medical expenses and future medical expenses not in excess of the statutory maximum. Employers Mutual filed peremptory exceptions of res judicata and prescription. The lower court sustained the exception of res judicata and dismissed Reed's suit. Reed appealed from this ruling.
Reed contends his claim should not be barred by res judicata, and, alternatively, only that portion of the medical expenses which accrued prior to the date of the first suit should be so barred.
*509 The three major requisites for application of res judicata are: (1) the thing demanded must be the same; (2) the demand must be founded on the same cause of action; and (3) the demand must be between the same parties in the same quality. LSA-C.C. Art. 2286.
In the first suit plaintiff prayed for compensation benefits, medical expenses in the amount of $2,189.68 accrued on May 10, 1971, the date the suit was filed, and the right to receive future medical expenses. In the present suit he prayed for medical expenses in the amount of $5,731.78 accrued on February 22, 1973, the date the second suit was filed, and the right to receive future medical expenses.
With regard to the medical expenses in the amount of $2,189.68 which had accrued on the date the first suit was filed, and which are again prayed for in the present suit, there is identity as to the thing demanded, the cause of action and the parties. Therefore, this claim is barred by res judicata. However, we do not agree that the authority of the thing adjudged has taken place as to the plaintiff's demands for medical expenses incurred after he filed the first suit.
Defendant argues that because Reed prayed for future medical expenses in the first suit and the trial court judgment was silent in this regard that this amounted to a rejection of his right to receive medical benefits in the future. As authority for this proposition he cites the well known jurisprudential rule that, generally speaking, a judgment's silence as to a demand is equivalent to a rejection of that demand.
However, the rule is not without qualification or exception. In Villars v. Faivre, 36 La.Ann. 398, 400 (1884) the Supreme Court set forth a careful formulation of its requirements:
"Our jurisprudence has rested on a solid foundation, the rule that all the issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation. * * *" (Emphasis added)
Accordingly, in order to determine whether plaintiff's demand was rejected by silence in the first suit, we must decide (1) if his right to receive future medical expenses was an issue presented by the pleadings; and (2) if it was an issue on which evidence was offered.
LSA-R.S. 23:1203, in pertinent part, provides:
"The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal not to exceed the total sum of twelve thousand five hundred dollars, except in cases of undue and unusual hardship as hereinafter provided, unless the employee refuses to allow them to be furnished by the employer."
This provision places a positive obligation upon the employer to furnish all medical expenses of the employee within the statutory limitations. However, there is no liability for medical expenses until they are incurred, and a judgment awarding future medical expenses is improper. Manuel v. Jennings Lumber Company, Inc., 248 So.2d 908 (La.App., 3d Cir. 1971). Furthermore, the right to claim future medical expenses is always reserved to the employee and therefore need not be specifically reserved in the judgment awarding workmen's compensation benefits. Welch v. Clemons Brothers Lumber Company, Inc., 262 So.2d 79 (La.App., 1st Cir. 1972); Manuel v. Jennings Lumber Company, supra.
Applying the statute and the authorities to this case, we conclude that plaintiff's right to receive medical expenses incurred after the filing of the first suit *510 legally has been placed at issue for the first time herein. Despite the prayer for future medical expenses in the first suit, it is clear such demand was without effect because the issue of future medical expenses cannot be litigated until they are incurred and is reserved for the employee by operation of law. Welch v. Clemons Brothers Lumber Company, Inc., supra; Manuel v. Jennings Lumber Company, supra. Since the court could not legally decide the issue of future medical expenses in the first suit, it was not an issue presented by the pleadings, and the judgment's silence does not amount to a rejection of this demand.
Our decision here is analogous to the holding in Firemen's Pension and Relief Fund v. Sudduth, 276 So.2d 727 (La.App., 3d Cir. 1973). In that case the firemen's pension fund, which had previously sued the city for matching funds for fiscal years 1968-69, 1969-70, and 1970-71, was not barred from bringing a second suit for the 1970-71 funds. The Court of Appeal held that the prayer for such funds was premature in the first case, and, therefore, the silence of the judgment as to this demand in the first case did not constitute rejection or have res judicata effect. Using a similar analysis here, we find that Reed's prayer for future medical expenses was premature in his first suit, and that the Court's silence therein should not be construed as an adjudication thereof having res judicata effect.
Our conclusion makes unnecessary a consideration of whether evidence was offered in the first suit relative to plaintiff's right to future medical expenses. Furthermore, if such evidence was offered, it should have been excluded, because it would not have been relevant to a viable issue in the case.
Defendant also filed a peremptory exception of prescription, and it is not clear from the record whether the trial judge ruled upon it. The minutes of court and the note of evidence indicate that he withheld decision on this issue after sustaining the exception of res judicata. But the written judgment of the court reflects that the exception of prescription was tried and considered, although the judgment is silent as to prescription. Nevertheless, both parties have briefed the question and contend that "[a]ll facts are now before this court for a full consideration of this plea." Appellee's brief, page 6. We agree, and in fulfillment of our duty to "render any judgment which is just, legal, and proper upon the record on appeal", L.C.C.P. Art. 2164, we turn to a consideration of the plea of prescription.
La. R. S. 23:1209 provides:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately from the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
The law is well settled that a claim for medical expenses is barred by the prescription of one or two years provided by this statute. Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964); Cook v. International Paper Company, 42 So.2d 558 (La.App., 2d Cir. 1949); Williams v. Red Barn Chemical, Inc., 188 Co.2d 78 (La.App., 1st Cir. 1966). However, it also has been established that a *511 citation in a workmen's compensation suit, though insufficient to support a judgment, will interrupt prescription if it notifies the defendant of the grounds of plaintiff's claim and that he is asserting that claim. Lunkin v. Triangle Farms, 208 La. 538, 23 So.2d 209 (1945); Stewart v. Maloney Trucking & Storage, Inc., 147 So.2d 62 (La. App., 4th Cir. 1962). Furthermore, such an interruption endures throughout the pendency of the proceedings, and an action commenced within one year from the date of the final judgment in the initial suit is timely under the Workmen's Compensation Act. Lunkin v. Triangle Farms, supra.
Reed first sued his employer and its insurer on May 10, 1971, which was within one year from his accident on September 3, 1970. Although insufficient to support a judgment for future medical benefits, the citation adequately notified them of his grounds for future medical benefits and his assertion of the claim. Thus an interruption of prescription occurred which endured until the Supreme Court finally terminated those proceedings on April 12, 1973 by denying applications for writs. Therefore, Reed would have had one year from April 12, 1973 within which to file his second suit for medical payments. Since he in fact filed it on February 22, 1973 before the prescriptive period began to run again, defendant's plea of prescription is clearly without merit.
For the reasons assigned, the judgment of the district court is affirmed insofar as it sustained the exception of res judicata with regard to medical expenses incurred prior to May 10, 1971, but the judgment is reversed insofar as it sustained the exception of res judicata with regard to medical expenses incurred on or after May 10, 1971, and the judgment is amended so as to overrule the exception of prescription. The case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. Defendant and appellee shall pay all costs of this court. All other costs are to await the final determination of the litigation.