FORET, Judge.
This case involves suit upon a petition by Mona Sewell, plaintiff-appellee, against Argonaut-Southwest Insurance Company, defendant-appellant, seeking payment of medical expenses which have arisen, or will arise, as a result of an accident in course and scope of employment allegedly occurring on December 26,1973. Plaintiff-appel-lee, further, sought penalties and attorney *586 fees for arbitrary and capricious refusal of Argonaut to pay these expenses. From a judgment in favor of plaintiff awarding her the sum of $1,266.30 for payment of medical expenses, and condemning defendant to pay to plaintiff a penalty of 12% of the “total medical expenses to be paid hereunder in accordance with the provisions of LSA-R.S. 23:1201.2” and attorney’s fees in the amount of $3,000.00, defendant Argonaut has perfected this appeal.
The main issue presented is whether or not the trial court erred in denying defendant’s peremptory exception of res judi-cata.
As stated above, this accident occurred on December 26,1973. On September 26,1975, plaintiff filed suit against Argonaut, in Civil Docket Number 41,575 of the Tenth Judicial District Court, Natchitoches Parish, Louisiana, for weekly compensation benefits and payment of medical expenses incurred as a result of the accident. Trial of the matter was had on split dates, December 16, 1975, and February 2, 1976. The trial court rendered judgment in favor of plaintiff, awarding her compensation benefits for total and permanent disability not in excess of five hundred weeks. However, no mention of an award for medical expenses was made in the judgment. Indeed, there was no evidence introduced at trial to show the amount of medical expenses incurred, either up to the time of the filing of the suit, or up to the time of the trial of the matter. The trial court decision in favor of the plaintiff was appealed by Argonaut to this Court. No answer to the appeal was made by Mrs. Sewell, and therefore our affirmation of the trial court judgment made no mention of the failure of the trial court to award medical expenses. Presumably, as far as we knew, there were no outstanding medical expenses, inasmuch as no answer to the appeal had been filed by plaintiff to seek an amendment of the trial court judgment. Sewell v. Argonaut Southwest Ins. Co., 338 So.2d 1208 (La.App. 3 Cir. 1976).
It later developed that $1,266.30 of medical expenses had not been paid by Argonaut. The following unpaid medical expenses were stipulated in the case presently before us:
Drs. Cook and Campbell_$164.00
Natchitoches Parish Hospital. 907.30[1]
Dr. H. K. Faludi_195.00
At trial of the case presently before us, it was stipulated that “. . . all the medical expenses herein sued for by the plaintiff, Mona Sewell, were incurred because of and as a result of her injury at the Natchitoches Parish Hospital on December 23,[2] 1973”.
After repeated amicable demand by plaintiff, Argonaut refused to pay these medical expenses. Consequently, on February 14,1977, plaintiff instituted the present suit, and was awarded judgment as herein-above mentioned.
It is admitted by all counsel that of the amount of $1,266.30 medical expenses sued for by plaintiff, all but $70.00 thereof were for medical expenses incurred prior to September 26, 1975, when plaintiff’s first suit was filed. Of these claimed medical expenses, $70.00 thereof were incurred after September 26, 1975. Therefore, Argonaut admits that it owes thé amount of $70.00 of medical expenses to the plaintiff, for the reason that its plea of res judicata would not apply to that amount claimed.
Although the record in plaintiff’s first suit, as well as that in her second suit, indicates arbitrariness and capriciousness on the part of Argonaut throughout both of these suits, we are of the opinion that defendant’s plea of res judicata as to plaintiff’s demand for medical expenses, with the exception of the $70.00 hereinabove mentioned, is well founded.
*587 The exact factual situation presented herein was before our brethren in the Second Circuit Court of Appeal in Reed v. Employers Mutual Liability Insurance Co. of Wisconsin, 303 So.2d 506 (La.App. 2 Cir. 1974). In Reed, as in this case, although medical expenses had been prayed for in the plaintiffs original suit, the judgment rendered was silent as to medical expenses. Reed concluded, and we agree, that generally the absence of an award within a judgment is tantamount to a rejection of the demand seeking that award. Consequently, Reed held that a plea of res judicata was well founded in a second suit by plaintiff, wherein medical expenses incurred prior to the filing of the first suit were claimed. We quote Reed at page 509:
In Villars v. Faivre, 36 La.Ann. 398, 400 (1884) the Supreme Court set forth a careful formulation of its requirements:
“Our jurisprudence has rested on a solid foundation, the rule that all the issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation. * * *” (Em-
phasis added).
See Bamburg v. Nelson, 313 So.2d 872, (La.App. 2 Cir. 1975), writ, refused (La.1975), 318 So.2d 57, and cases cited therein.
The facts of Reed are so similar to the case before us that a recitation of said facts therein are appropriate. Plaintiff Reed originally filed suit for weekly workmen’s compensation benefits and accrued medical expenses of $2,189.68. The district court, in the first suit, rendered judgment on May 11, 1972, awarding Reed compensation for total and permanent disability. However, the judgment was silent as to medical expenses. Defendant appealed, but Reed failed to appeal or answer the appeal. The Second Circuit in Reed v. Mullin Wood Company, Inc., 274 So.2d 845 (La.App. 2 Cir. 1972), affirmed the lower court’s ruling as to weekly compensation benefits. After the first hearing, the judgment was amended to include $2,189.68 accrued medical expenses. Apparently the Second Circuit was initially persuaded by Reed’s argument, supported by a letter from the trial judge, that the failure to award medical expenses by the trial court was due to oversight. On rehearing, however, it was determined by the Second Circuit that it was without authority to make such an amendment because Reed had neither appealed nor answered the opposing party’s appeal. Reed was denied a rehearing ánd both parties appealed to the Louisiana Supreme Court for writs which were denied April 12, 1973. On February 22, 1973, Reed had instituted another suit praying for accrued medical expenses and future medical expenses. Defendant filed peremptory exceptions of res judicata and prescription. The trial court sustained the exception of res judicata. Reed appealed from the ruling, and the Second Circuit, in Reed v. Employer’s Mutual Liability Insurance Company of Wisconsin, supra, sustained defendant’s exception of res judicata on that portion of the medical expenses claimed which accrued prior to the date of the first suit, but overruled the plea of res judicata as to those medical expenses which had accrued after plaintiff had filed his first suit.
The term “res judicata” means “thing adjudged”. According to Article 2286 of the Louisiana Civil Code, the essential elements of a plea of res judicata are:
(1) the thing demanded must be the same;
(2) the demand must be founded on the same cause of action;
(3) the demand must be between the same parties, and formed by them against each other in the same quality.
Argonaut argues that the doctrine of res judicata should have prevented appellee Se-well from instituting her second suit. It makes that argument on the basis that the object of the demand is identical in both suits: plaintiff sought payment of medical expenses which were incurred as a result of the December 26, 1973 accident; that acci *588 dent was the cause of action upon which both suits were grounded; and in both suits, Mrs. Sewell was the employee and Argonaut was the insurer. We agree with Argonaut’s contention that the plea of res judicata is applicable herein to bar plaintiff’s recovery of the amount which she claims, with the exception of the amount of $70.00, and plaintiff’s demand for statutory penalties and attorney’s fees in connection therewith for arbitrary and capricious refusal to pay.
Plaintiff contends that this case is distinguishable from the Reed case because in the Reed case an offer of evidence of medical expenses had been made, whereas in the case at bar no evidence whatsoever was presented as to the amount of medical expenses. We find no merit in that argument. It was obvious from the record that plaintiff had received rather extensive medical treatment from the date of her injury up until the time that plaintiff’s first suit was filed. Plaintiff simply failed to prove up her claim for these expenses.
As we stated above, Argonaut has shown arbitrariness and capriciousness throughout the history of plaintiff’s claim. As a matter of fact, when this matter was first before us in plaintiff’s first suit, we awarded her penalties and attorney fees. Argonaut’s failure to pay at least the $70.00 of medical expenses which it admits it owes is likewise due to its arbitrariness and capriciousness, no good reason having been given for its refusal to pay same. The trial court herein had awarded the amount of $3,000.00 as attorney fees. We deem this to be excessive. We are of the opinion that the amount of $750.00 for attorney fees would be adequate.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it failed to sustain Argonaut’s exception of res judicata, on the amount of $1,196.30, and it is affirmed by awarding judgment for plaintiff in the amount of Seventy ($70.00) Dollars, plus the penalty of 12% under the provisions of LSA-R.S. 23:1201.2; the judgment of the trial court is amended by reducing the amount of attorney fees awarded from $3,000 to $750.
All costs of these proceedings are assessed against defendant, Argonaut Southwest Insurance Company.
REVERSED IN PART, AFFIRMED IN PART AS AMENDED, AND RENDERED.

. It is noteworthy that plaintiff was injured while in the employ of Natchitoches Parish Hospital, and accordingly the amount of medical expense is owed by plaintiff to her own employer.

. Apparently a typographical error; should be December 26.