PRICE, Judge.
This appeal concerns whether the trial court properly sustained an exception of res judicata in dismissing the demand of plaintiff, Smith-Hearron, against William Elmo Frazier, Jr., seeking to have Frazier declared solidarily liable for the judgment rendered against Frazier, Inc., in a prior suit brought by plaintiff against multiple defendants including Frazier and Frazier, Inc., for damages arising out of a contract to perform architectural services.
The objectives sought by plaintiffs and disposed of by the court in the prior suit are stated in the following pertinent portions of the reasons for judgment:
This suit is brought by Smith-Hearron, a partnership, composed of licensed architects who engaged in that business through the partnership, against Frazier, Inc., Martin S. Sanders, Jr., William Elmo Frazier, Jr., American Community Development Corporation and Lionel Smith. *769 Plaintiff’s complaint is that it had a contract with Frazier, Inc., to do and perform certain services as architect on a housing project in the City of Winnfield, that plaintiff fulfilled all of its obligations under that contract and was not paid therefor, and that all of the parties defendant herein conspired together, to transfer the property on which the housing project was to be erected to American Community Development Corporation to deprive plaintiff of its fee under the terms of said contract and to defeat plaintiff’s lien on the property.
Many preliminary matters were tried and disposed of, and, during the course of all of those, the Court awarded plaintiff judgment against Frazier, Inc. as prayed for in the amount of $130,000.00 as a result of its recalcitrance in failing to comply with discovery orders of the Court. The case was subsequently tried on the merits as to all other defendants.
‡ * # * *
The Court has already awarded judgment against Frazier, Inc. in this matter and that judgment is final. From all of the evidence before the Court, I now find that Frazier, Inc. and William Elmo Frazier, Jr. are one and the same, that Frazier, Inc. was the alter-ego of William Elmo Frazier, Jr. and a mere instrumentality used by him to effect his purposes. Counsel for plaintiff is correct when he astutely observes that the corporation was merely a name used for the transactions of Frazier’s own personal business, the corporation issued no stock, no Board of Directors meetings were validly or legally called or transacted and the Board of Directors performed no board functions.
Therefore, judgment in the amount of $30,000.00 with legal interest thereon from judicial demand and all costs of these proceedings will be awarded in favor of plaintiff and against William Elmo Frazier, Jr. in this matter.
Plaintiff contends in this action that the piercing of the corporate veil in the prior suit and the awarding of judgment against Frazier personally for damages in the sum of $30,000 should entitle plaintiff to a declaratory judgment that Frazier is also soli-darily liable with Frazier, Inc., for the entire $130,000 judgment, rendered against the corporation in the prior suit.
The trial court rejected this argument and found the judgment rendered against Frazier in the prior suit had the effect of resolving all claims for damages by plaintiffs against Frazier, Inc., arising out of the breached contract. Therefore, the court sustained the exception of res judicata. We affirm.
La.C.C. Art. 2286, the source of the exception of res judicata, provides:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
From an examination of the record in the prior suit, it is evident that plaintiff alleged and sought to prove that Frazier was personally liable for all damages flowing from the breach of their contract with Frazier, Inc., because the corporate status of Frazier, Inc., was a sham. The damages itemized by plaintiff were $30,000 for breach of the architectural contract for services furnished and $100,000 for violation of plaintiff’s civil rights because of a conspiracy alleged between Frazier and other defendants in that action.
The cause of action of the present suit is in reality the same, to hold Frazier personally liable for the same reason he was found liable in the prior suit. The distinction which plaintiff seeks to make between the two suits to prevent the application of res judicata relates to whether the full extent of the damages claimed were actually considered and became an object of the judgment rendered against Frazier personally. The argument is based on the expression of the trial court in its reasons for judgment that although sufficient evidence was *770 presented to justify a default judgment in the amount of $130,000 as to Frazier, Inc., there was not any evidence presented on trial of the merits to warrant judgment in excess of $30,000 against Frazier personally. Plaintiff contends that as no evidence was presented for this additional amount of damages, it was not actually litigated and the exception of res judicata was improperly sustained. Plaintiff relies on the recent decision of the Louisiana Supreme Court in Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978), and the decision of this court in Reed v. Employers Mutual Liability Ins. Co. of Wis., 303 So.2d 506 (La.App. 2d Cir. 1974).
We do not find Sewell and Reed controlling. They were decisions in the area of workmen’s compensation litigation in which the court applied the liberal interpretation allowed in regard to the compensation statute to prevent a claimant from losing his right to recover medical expenses for which no evidence had been submitted during the trial of the case. We do not find it appropriate to extend the rule in Sewell and Reed beyond the field of compensation litigation.
Plaintiff had the opportunity to present evidence of the entire amount of damages resulting from the subject transaction and should not be allowed to relitigate the issue of damages.
The basic requirements set forth in La. C.C. Art. 2286 for the application of res judicata have been met in this instance, and we therefore affirm the judgment sustaining the exception and dismissing plaintiff’s demands. Cost of this appeal are assessed to plaintiff.